## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE L. NICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 2970 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| US AIRWAYS, INC., n/k/a AMERICAN | ) | |
| AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Stephanie Nickerson, a brown-skinned African American female, brings this employment discrimination suit against Defendant US Airways Inc., n/k/a American Airlines, Inc. ("US Airways").[1] Nickerson alleges race, color, and sex/gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.* US Airways filed a motion to dismiss, arguing that Nickerson failed to exhaust her administrative remedies with respect to her Title VII color and sex/gender discrimination and IHRA claims. Because Nickerson did not raise her Title VII color and sex/gender discrimination claims in her initial Equal Employment Opportunity Commission ("EEOC") charge and they are not reasonably related to the allegations made in that charge, she may not proceed on those claims. Additionally, because Nickerson has not yet received a right to sue letter from the Illinois Department of Human Rights ("IDHR"), the Court dismisses her IHRA claims without prejudice.

---

[1] According to US Airways, as of December 30, 2015, American Airlines, Inc. has assumed all of US Airways' rights and obligations. The Court will nonetheless refer to US Airways throughout this Opinion and Order.

## BACKGROUND[2]

US Airways hired Nickerson in May 2011 as a Senior Analyst for Airport Financial Controls, first based in Charlotte, North Carolina and then Chicago, Illinois. In this role, Nickerson performed audit functions at various domestic and international airport locations. She also undertook additional duties, such as training, baggage waiver reporting, updating audit manuals, and creating audit programs.

During Nickerson's employment, she learned that US Airways downgraded her position, and the other positions in her predominantly female work unit, from Senior Analyst to Analyst, complete with a corresponding decrease in pay grade. Thereafter, Nickerson discovered a job opening for an audit position in one of US Airways' cargo divisions, a group comprised mainly of Caucasian males. The open position was at the Senior Analyst level with the corresponding higher pay grade. Having performed the audit functions for a cargo division and found them easier than those required of her position, Nickerson believed her predominantly female work unit was equally, if not more, qualified to perform the cargo division audit work. Prompted by this belief, in the summer of 2014, Nickerson raised concerns with management that the mostly Caucasian male cargo audit position was being unfairly compensated at a higher rate than her largely female work unit. Shortly thereafter, US Airways investigated Nickerson for alleged expense reporting errors, ultimately terminating her employment on October 30, 2014. US Airways did not provide Nickerson with an opportunity for progressive counseling or to correct the alleged reporting errors before her termination.

---

[2] The facts are taken from Nickerson's amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving US Airways' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

Nickerson filed a *pro se* discrimination charge with the EEOC on December 8, 2014. She explained that while employed by US Airways, she complained about pay, prompting US Airways to investigate her expense reports and terminate her employment. Nickerson checked the box for discrimination based on race as well as retaliation, and stated she "believe[d] that [she] ha[d] been discriminated against because of [her] race, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 26-1 at 2. The EEOC subsequently cross-filed Nickerson's charge with the Texas Workforce Commission Civil Rights Division (the "Texas Workforce Commission"). The EEOC issued a notice of right to sue to Nickerson on December 16, 2014. She did not receive any paperwork from the Texas Workforce Commission. On April 3, 2015, Nickerson, proceeding *pro se*, filed this action. With the aid of recruited counsel, she filed an amended complaint on February 19, 2016. Nickerson then filed her original EEOC charge with the IDHR on April 14, 2016, though she has not received a notice of her right to sue under the IHRA to date.[3]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

---

[3] The Court may consider the allegations surrounding the April 2016 filing of Nickerson's charge with the IDHR, which is not discussed in her amended complaint but attached to her response to US Airways' motion to dismiss because they are consistent with and supplement the allegations in her complaint. *See Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001).

1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Title VII Color and Sex/Gender Discrimination Claims (Counts I & II)**

US Airways argues that the Court should dismiss Nickerson's Title VII color and sex/gender discrimination claims, found in Counts I and II of the amended complaint, because Nickerson failed to include these claims in her EEOC charge. "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). This requirement is intended to provide the employer with notice of the nature of the claims against it and provide the EEOC and the employer the opportunity to settle the dispute with the employee before litigation is instituted. *Geldon*, 414 F.3d at 819. An allegation in an EEOC charge reasonably relates to a federal claim if it involves "the same conduct and implicate[s] the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (quoting *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)). The standard is a liberal one, reading the allegations of the EEOC charge broadly to take into account the fact that EEOC charges are often filed *pro se*. *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525–26 (7th Cir. 2008); *Ezell*, 400 F.3d at 1047.

In her charge, Nickerson did not mention color or sex/gender discrimination; rather, she asserted that US Airways discriminated against her based on race and retaliated against her in violation of Title VII, checking only those boxes on the form. Nickerson, however, contends that the expanded allegations in her amended complaint have a sufficient relationship to the events included in her original EEOC charge because they arise from a single complaint regarding pay disparity between her predominantly female work unit and the cargo division work unit made up primarily of Caucasian males. Because determining whether the color and sex/gender discrimination claims reasonably relate to Nickerson's race discrimination allegations involve different considerations, the Court addresses them separately.

A. Sex/Gender Discrimination

First, the Court must consider whether Nickerson's allegations in her EEOC charge concerning a pay disparity can reasonably be read to complain of sex/gender discrimination. Nickerson argues that although her allegations in the EEOC charge are brief, because the underlying facts all relate to the same pay disparity between her predominantly female unit and a Caucasian male unit, she may expand her claim from one only for race discrimination to also include sex/gender discrimination even though such details are not included in the EEOC charge. *See Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992) (noting that Title VII plaintiffs need not "allege in an EEOC charge each and every fact that combines to form the basis of each claim"); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 (7th Cir. 1985) ("[T]he specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970))). Although Nickerson's charge must be construed liberally, she nonetheless must have included some information to put US Airways on notice that her complaint related not

only to race discrimination but also to sex/gender discrimination in order to pursue these latter claims. *Miller*, 525 F.3d at 525–26; *Geldon*, 414 F.3d at 819.

Here, Nickerson's EEOC charge would not have placed US Airways on notice of a sex/gender discrimination claim. Contrary to Nickerson's arguments, the Seventh Circuit's decision in *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164 (7th Cir. 1976), does not compel a different conclusion. There, the Seventh Circuit allowed the plaintiff to proceed on a sex discrimination claim despite the fact she only complained of race discrimination in her EEOC charge because she also made a gender-based allegation in the charge. *Id.* at 167–69 (finding that the EEOC charge encompassed sex discrimination where it stated that plaintiff's supervisor "accused [her] of being the leader of the girls on the floor"). Unlike the plaintiff in *Jenkins*, Nickerson did not include any reference to her sex or gender in her EEOC charge, nor can any inference be drawn from the charge's allegations that her sex or gender contributed to US Airways' decision to terminate her. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 504 (7th Cir. 1994) (finding that the plaintiff, "unlike the plaintiff in *Jenkins*, did not refer to conduct in her EEOC charge that might invoke a legal theory other than the one she checked on her EEOC charge form"). Thus, based on the charge alone, the Court cannot conclude that Nickerson exhausted her sex/gender discrimination claim. *See Ajayi*, 336 F.3d at 527–28 (affirming dismissal of age discrimination claim where plaintiff complained of national origin discrimination but did not mention age anywhere in the charge, even though the alleged discrimination involved the same individuals); *Griffin v. Evanston/Skokie Cmty. Consol. Sch. Dist. 65*, No. 12 C 9828, 2013 WL 6255225, at *3 (N.D. Ill. Dec. 3, 2013) (finding gender-based claims not exhausted where EEOC charge only discussed race and disability discrimination).

Nickerson responds, however, that the Court should look beyond her EEOC charge and also consider what she related to her EEOC intake interviewer prior to filing that charge. According to notes from that December 8, 2014 interview, which Nickerson has attached to her response, she advised the interviewer that a similar work group of "White males" had an easier job than she did but was paid more. *See* Doc. 41-2 at 33. The interviewer also noted Nickerson's complaint of feeling "targeted" when US Airways investigated her expense reports because a white male related that when he had an issue with expense reports, he did not suffer any consequences. *Id.*

US Airways argues that the Court cannot consider Nickerson's statements to the intake interviewer because she did not make them in writing as required by Title VII and agency regulations. *See* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation[.]"); 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). Under certain circumstances, courts have considered allegations outside the body of an EEOC charge, such as those contained in a plaintiff's intake questionnaire or sworn affidavit filed along with an EEOC charge, in determining whether a claim has been exhausted where the charging party intended the agency to investigate those allegations. *See, e.g.*, *Swearnigen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 865 (7th Cir. 2010) (in considering exhaustion issues, "written '[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations'" (alteration in original) (quoting *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000)); *Fantozzi v. Winston & Strawn LLP*, No. 11 C 392, 2011 WL 3704930, at *4 (N.D. Ill. Aug. 17, 2011) (courts consider certain equitable circumstances, such as whether plaintiff was represented, "whether the materials were signed under oath, whether the questionnaire was filed contemporaneously with

7

the Charge, and whether the EEOC engaged in inequitable conduct," in determining whether to consider allegations in an intake questionnaire to determine the scope of the plaintiff's EEOC charge). Here, however, despite the fact that the intake interviewer memorialized Nickerson's allegations, they nonetheless remain oral statements made to an EEOC employee that did not make it into a written, signed statement. Such oral statements, "not reflected in nor reasonably related to the charge actually filed," cannot form the basis of a Title VII claim, for "notice of such a statement cannot be expected to reach the employer." *Vela*, 218 F.3d at 665 (refusing to take into consideration oral statement to an intake officer, even where plaintiff claimed the officer then misled her in completing the EEOC charge to omit that claim); *see also Othon v. LG Elecs. USA, Inc.*, No. 08 C 878, 2008 WL 4287626, at *4 (N.D. Ill. Sept. 15, 2008) (court could not consider alleged oral complaints to investigator in determining whether claims had been exhausted); *Dillon v. M.S. Carriers, Inc.*, No. 98 CV 2012, 2000 WL 1141569, at *8 (N.D. Ill. Aug. 11, 2000) (notes that plaintiff gave the EEOC intake officer in connection with filing her charge were similar to the oral representations in *Vela* and did not demonstrate notice of claims to the defendant employer). Thus, the intake interview notes do not help Nickerson, and she may not pursue her sex/gender discrimination claim.

### B. Color Discrimination

In her amended complaint, Nickerson alleges that she is "brown-skinned" and that "[o]ther lighter-skinned, non-African Americans in her work unit had raised similar concerns but were not similarly terminated." Doc. 26 ¶¶ 1, 12. She contends that these color discrimination allegations grow out of the race discrimination claims included in her EEOC charge because race and color are closely related concepts. [4] US Airways, however, argues that color and race

---

[4] Nickerson has not brought a § 1981 claim for color discrimination, which, unlike a Title VII color discrimination claim, would not require exhaustion. *See Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539

8

discrimination are legally distinct concepts, with color discrimination arising when the "particular hue of the plaintiff's skin is the cause of the discrimination." *Friedman v. Lake County Hous. Auth.*, No. 11 C 785, 2011 WL 4901280, at *2 (N.D. Ill. Oct. 4, 2011) (quoting *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. June 11, 1997)). Several courts in this district have held that allegations of race discrimination do not automatically encompass color discrimination claims, meaning a color discrimination claim does not grow out of a race discrimination charge for exhaustion purposes. *See Evans v. Folding Guard Co.*, No. 15 C 7694, 2016 WL 233095, at *2 (N.D. Ill. Jan. 20, 2016) (dismissing color discrimination claim where EEOC charge claimed only race discrimination); *Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1078–79 (N.D. Ill. 2013) (plaintiff did not provide EEOC or employer with notice of color claim where he referred only to race in charge); *Howell v. Rush Copley Med. Grp. NFP*, No. 11 C 2689, 2012 WL 832830, at *3 (N.D. Ill. Mar. 12, 2012) (holding that an EEOC charge alleging discrimination based on "my race, Black" was insufficient to allow a plaintiff to pursue a color discrimination claim); *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 989–90 (N.D. Ill. 2007) (finding "no indication that evidence of [color] discrimination would have arisen from an investigation of [plaintiff's] discrimination claims on the basis of race"); *Sullivan*, 1997 WL 327126, at *2 (finding plaintiff's allegations and EEOC complaint "focus exclusively on race" and that his EEOC charge provided no "indication that the particular hue of his skin had anything to do with the alleged discrimination").

---

(7th Cir. 2007). The Court notes, however, that there is some dispute as to whether § 1981 encompasses color discrimination claims. *See Jordan v. Whelan Sec. of Ill., Inc.*, 30 F. Supp. 3d 746, 752–53 (N.D. Ill. 2014) (surveying cases but agreeing with those courts holding that § 1981 includes claims of color discrimination).

Here, as in these cases, to the extent that Nickerson intended to equate race with color in her EEOC charge, her color claim duplicates her race discrimination claim. *See Howell*, 2012 WL 832830, at *4. But to the extent she argues that her EEOC charge raises a claim based on the color of her skin, nothing in the charge suggests that the EEOC's investigation into her race discrimination claim would have put US Airways on notice that Nickerson's complaint encompassed color discrimination as well. *See id.* (holding that, on facts of the case, "the EEOC investigation into race discrimination charges would not reasonably lead to an investigation into Rush's conduct toward light-skinned individuals within her race"). *But see Mirza v. The Neiman Marcus Grp., Inc.*, 649 F. Supp. 2d 837, 856 (N.D. Ill. 2009) (finding that defendant presented no evidence on summary judgment to "upset the notion" that plaintiff's EEOC charge alleging race and national origin discrimination would not support a color discrimination claim as well). Thus, the Court dismisses Nickerson's color discrimination claim.

## II.  The IHRA Claims (Counts IV-VI)

As with the above-discussed Title VII claims, US Airways contends that Nickerson's IHRA claims must be dismissed for her failure to exhaust the appropriate administrative remedies. *See Hankins v. Best Buy Co.*, No. 10 CV 4508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011) (dismissing IHRA claim for lack of evidence that plaintiff exhausted the IHRA's administrative procedures). To pursue her IHRA claims in federal court, Nickerson must first have raised them by following the comprehensive set of administrative procedures set forth by state statute. 775 Ill. Comp. Stat. 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); *Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807, 819 (N.D. Ill. 2013). This requires a complainant, like Nickerson, to file a charge with the IDHR within 180 days of

the alleged civil rights violation. *See* 775 Ill. Comp. Stat. 5/7A–102(A). A complainant may only commence a civil action in court after the IDHR issues a final report or fails to issue a report within 365 days after the charge is filed. *Rabe*, 971 F. Supp. 2d at 819 (citing 775 Ill. Comp. Stat. 5/7A–102(D), (G)(2)). Under either scenario, the complainant must file her civil action within 90 days of the qualifying event. *Id.* A plaintiff's failure to comply with these exhaustion requirements warrants dismissal of the IHRA claims. *Copeling v. Ill. State Toll Highway Auth.*, No. 12 C 10316, 2014 WL 540443, at *4 (N.D. Ill. Feb. 11, 2014).

The parties do not dispute that Nickerson has not received a right to sue letter from the IDHR. Nickerson, however, asserts that the EEOC's actions in cross-filing her charge with the Texas Workforce Commission instead of the IDHR deprived her of pursuing counseling and conciliation opportunities through the IDHR, which apparently should excuse her from the IHRA's exhaustion requirements. Alternatively, Nickerson argues that because she has now properly filed her charge with the IDHR, she should be allowed to amend her complaint when she receives notice of her rights under the IHRA.

Nickerson does not cite any case law to support her argument that the IHRA's exhaustion requirements should be set aside based on the EEOC's failure to cross-file her charge with the IDHR, which could be construed as a waiver of the argument. *See Egan v. Huntington Copper Moody & Maguire, Inc.*, No. 12 C 9034, 2015 WL 1396187, at *3 (N.D. Ill. Mar. 24, 2015) (granting summary judgment for defendant on plaintiff's IHRA claim where plaintiff did not cite any authority to support an equitable exception to the IHRA's exhaustion requirement). The Court also has not found any case law to support such an argument, instead encountering the opposite—that agency mishandling of filings does not excuse the failure to comply with administrative requirements. *See, e.g.*, *Spurlock v. R.R. Donnelley & Sons*, No. 96 C 2124, 1996

WL 650442, at *2 (N.D. Ill. Nov. 6, 1996) (equitable tolling could not "excuse a total failure to follow administrative procedures where the plaintiff had in her possession all of the facts necessary to prosecute her claim"); *Cochran v. R.R. Donnelley & Sons*, No. 96 C 2123, 1996 WL 473474, at *2 (N.D. Ill. Aug. 16, 1996) ("Although equitable notions are to be considered in determining whether the timeliness requirement for filing a charge should be subject to equitable tolling, such considerations are not relevant to determining whether a charge must ever be filed. Clearly, if future plaintiffs were to be permitted to avoid administrative and timeliness requirements simply by asserting agency or judicial mishandling of filings, the purposes and policies underlying the established administrative schemes would be seriously undermined."). Nor does the EEOC's cross-filing of Nickerson's charge with the Texas Workforce Commission appear to have been done in an attempt to mislead or deprive Nickerson of any state court remedies. *See Movement for Opportunity & Equal. v. Gen. Motors Corp.*, 622 F.2d 1235, 1241 (7th Cir. 1980) ("While we recognize that in special circumstances the claimant may be unable to seek the right to sue letter, and hence the strict requirements may be loosened, those circumstances would seem limited to instances where the claimant's failure is due to misleading acts committed by the EEOC, employer or union."). Nothing in Nickerson's charge suggested that it should be cross-filed with the IDHR, with Nickerson listing US Airways' address in Texas and her address in Indiana, so the decision to cross-file in Texas appears reasonable.

Therefore, Nickerson had to take some action to ensure compliance with the IHRA's exhaustion requirements so as to pursue her IHRA claims here. She only did this after US Airways filed the pending motion to dismiss. *See* Doc. 41-1 at 10; Doc. 41-2 at 44–45 (letter from Nickerson's counsel to IDHR seeking to cross-file Nickerson's EEOC charge, file-stamped as received by the IDHR on April 14, 2016). Nickerson acknowledges, however, that she has not

yet received a right to sue letter from the IDHR. Thus, because Nickerson has not yet fully complied with the IHRA's administrative requirements, the Court dismisses her IHRA claims without prejudice. *See Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 08282, 2015 WL 135098, at *2 & n.1 (N.D. Ill. Jan. 9, 2015) (collecting cases discussing dismissal without prejudice of IHRA claims for failure to exhaust, even where the plaintiff may not be able to exhaust based on timeliness or other grounds).

## CONCLUSION

For the foregoing reasons, the Court grants US Airways' motion to dismiss [36]. The Court dismisses without prejudice the Title VII color discrimination claim contained in Count I, the Title VII sex/gender discrimination claim (Count II), and the IHRA claims (Counts IV-VI). US Airways is ordered to answer the remaining allegations of the amended complaint by July 15, 2016.

Dated: July 1, 2016

SARA L. ELLIS
United States District Judge